UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN J. WATFORD,<br><br>    Petitioner,<br><br>    v.<br><br>PAUL COPENHAVER, Warden,<br><br>    Respondent. | Case No.: 1:14-cv-00615-LJO-JLT<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION (Doc. 37)<br><br>ORDER DENYING AS MOOT PETITIONER'S MOTION TO TRANSCRIBE RECORDS (Doc. 35) |

Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**PROCEDURAL HISTORY**

The instant petition was filed on April 25, 2014. (Doc. 1). On September 30, 3014, the Magistrate Judge entered Findings and Recommendations to dismiss the petition. (Doc. 26). On December 8, 2014, the Court adopted those Findings and Recommendations, entered judgment against Petitioner, and ordered the file closed. (Doc. 31). On December 18, 2014, Petitioner filed a notice of appeal. (Doc. 33). Also on that date, Petitioner filed a motion requesting that this Court transcribe its records and deliver them to the Ninth Circuit. (Doc. 35). On January 9, 2015, Petitioner filed the instant motion, entitled "Motion for leave to file Fed. R. Civ. P. 15(c) 'relation back' motion for reconsideration of district court's December 08, 2014. [sic] order dismissing Petitioner's 28 U.S.C. § 2241(c)(3) in alternate to grant leave to amend or correct fundamental defect within the original

1  petition to prevent successive abusive writ procedural bar 'new claim-same claim doctrine 9(b).'"
2  (Doc. 37). On January 23, 2015, the Ninth Circuit ordered Petitioner's appeal stayed pending this
3  Court's ruling on the above order of Petitioner filed on January 9, 2015. (Docs. 38 & 39).

## DISCUSSION

As a preliminary matter, although it is far from certain what Petitioner actually intends by the aforementioned motion, the Court will construe it as a motion for reconsideration pursuant to Rule 60(b). Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Here, Petitioner has failed to meet any of the requirements for granting a motion for reconsideration: He has not shown "mistake, inadvertence, surprise, or excusable neglect;" nor has he not shown the existence of either newly discovered evidence or fraud; he has not established that the judgment is either void or satisfied; and, finally, Petitioner has not presented any other reasons justifying relief from judgment. Instead, Petitioner's motion for reconsideration makes repeated references to an amended petition purportedly filed on December 30, 2014, that Petitioner contends would apply the "correct [legal] standards as to the questions of Constitutional magnitude," thus

rectifying what Petitioner characterizes as his "misapplication" of those standards in his original petition. (Doc. 37, p. 3). However, no such amended petition was ever received by the Court or docketed in this case. Moreover, pursuant to the Court's Local Rules, Petitioner has not shown "new or different facts or circumstances claimed to exist *which did not exist or were not shown upon such prior motion*, or what other grounds exist for the motion." Local Rule 230(j). (Emphasis supplied).

In sum, Petitioner has provided no evidence or circumstances that would satisfy the requirements of Rule 60(b), and therefore his motion for reconsideration must be denied.

Regarding Petitioner's motion to transcribe and deliver records to the Ninth Circuit, that was done as a matter of routine pursuant to Petitioner's notice of appeal. Accordingly, the motion is moot.

## ORDER

Accordingly, it is HEREBY ORDERED as follows:

1. Petitioner's motion for reconsideration (Doc. 37), is DENIED.
2. Petitioner's motion to transcribe and deliver records (Doc. 35), is DENIED as MOOT.

**SO ORDERED**
**Dated: January 27, 2015**

                **/s/ Lawrence J. O'Neill**
                **United States District Judge**